THE STATE, EX REL. KOHN, *v.* MANTON, JUDGE. KOHN *v.* THE WHEELING & LAKE ERIE RAILWAY CO.

*Costs — Failure to pay — Stay of subsequent proceedings — Judicial discretion — Error proceedings and writ of mandamus.*

1. Where, in a former action between the same parties and in the same cause, costs have been adjudged against a party, the court upon motion of the adverse party may grant an order staying a subsequent proceeding until such costs are paid.
2. The granting of such an order lies in the sound discretion of the trial court and is reviewable on error.
3. Where a party against whom such an order is issued fails to prosecute error proceedings therefrom, a writ of mandamus will not lie to compel the trial court to proceed contrary to the discretion already exercised by such court.

(Decided July 3, 1919.)

IN MANDAMUS: Court of Appeals for Lucas county.

ERROR: Court of Appeals for Lucas county.

*Mr. Charles A. Thatcher,* for relator in cause No. 804.

Mr. *Allen J. Seney,* prosecuting attorney, and Mr. *Nolan J. Boggs,* assistant prosecuting attorney, for respondent.

Mr. *C. A. Thatcher* and Mr. *G. B. Keppel,* for plaintiff in error in cause No. 805.

Mr. *C. A. Seiders,* for defendant in error.

CUSHING, J. In cause No. 805 above, plaintiff in error seeks to reverse an order of the common pleas court of September 17, 1918, staying proceedings in said cause until the costs in cause No. 75535, common pleas, are paid.

Leroy H. Kohn filed an action in the common pleas court, docketed as No. 75535, against The Wheeling & Erie Railway Company, to recover a judgment for negligence of the company. The case was tried to a jury. It disagreed and a second trial was had. The plaintiff recovered a judgment of $5,000 against the railway company. This judgment was reversed by the court of appeals for Lucas county, and the case came on for trial for a third time before John P. Manton, judge of the court of common pleas for Lucas county, and a jury. At the trial, William Lawler was called as a witness on behalf of the plaintiff. He was examined in chief, cross-examined, re-examined and dismissed. Plaintiff recalled Lawler, and counsel stated that he desired to correct the testimony he had given on cross-examination. On objection by counsel for the railway company, and statements by counsel for plaintiff, the court asked the witness at two different times whether he desired to correct anything in his testimony. To each inquiry

Lawler answered "No." Kohn then dismissed his action without prejudice to a future action.

August 12, 1918, a motion was made to stay proceedings in cause No. 77967 until the costs taxed against Kohn in cause No. 75535 were paid. The motion was granted.

September 17, 1918, it was made to appear to the court that the order of August 12, 1918, had not been entered on the journal. On September 17, 1918, the court stayed proceedings as of August 12, 1918.

November 12, 1918, Judge Manton signed and allowed a bill of exceptions to this order in cause No. 77967. The bill of exceptions has never been filed in the court of appeals. Neither the original papers nor a transcript of the docket and journal entries have been filed in the court of appeals. The petition in error was filed in the court of appeals December 19, 1918. This was ninety-two days after the order of September 17, 1918. There is nothing before this court to review on error.

The order of Judge Manton in staying proceedings until the costs were paid was the exercise of a discretion vested in the court, and reviewable on error. (*Arnold* v. *Pittsburg Coal Co. et al.,* 5 N. P., 329.) That such orders are reviewable on error as affecting a substantial right of litigants has been decided in both Indiana and New York.

"The only penalty we know of for the bringing and the voluntary dismissal of a civil action, including one of this class, is that the plaintiff shall pay all costs he has occasioned. This, generally, he must do before he is authorized to renew his suit. While the costs of a dismissed action remain unpaid, the commencement of a subsequent suit for

the same matter * * * will be stayed by the court upon a proper application until paid." *Wait* v. *Westfall*, 161 Ind., 648, 651.

"Where costs have been adjudged against plaintiff in a former action in the Supreme Court between the same parties for the same cause of action, defendants were entitled to an order staying subsequent proceeding until such costs were paid, in the absence of any proof authorizing the court to deny a motion for such stay in the exercise of its discretion." *Lederer* v. *Krausz*, 90 N. Y. Supp., 402.

In cause No. 804, wherein it is sought to mandamus Judge Manton to hear cause No. 77967, this action can not be maintained. As we have pointed out, the discretion vested in Judge Manton was exercised in his stay of the proceedings. That order was reviewable. The plaintiff failed to prosecute error within the time provided by the statute. Section 12285, General Code, provides:

"The writ [mandamus] may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it can not control judicial discretion."

These two cases were tried together. The court exercised discretion, and it is now sought by mandamus to compel him to proceed contrary to the discretion already exercised. This can not be done. The proceeding in error will be dismissed. The writ of mandamus will be denied.

*Petition in error dismissed.*
*Writ of mandamus denied.*

SHOHL and HAMILTON, JJ., concur.

Judges of the First Appellate District sitting by designation in place of Judges KINKADE, RICHARDS and CHITTENDEN, of the Sixth Appellate District.